```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN GROHS,<br><br>                Plaintiff,<br><br>    v.<br><br>GARY M. LANIGAN, et al.,<br><br>                Defendants. | Civil Action<br>No. 15-8184 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Steven Grohs, Plaintiff Pro Se
#594
Special Treatment Unit, South
PO Box 905
Avenel, New Jersey 07001-0905

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

    Before the Court is Plaintiff Steven Grohs' ("Plaintiff") submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. Plaintiff is a civilly committed person currently confined at Special Treatment Unit ("STU") in Avenel, New Jersey. By Order dated February 24, 2016, this Court granted Plaintiff's application to proceed *in forma pauperis*, Docket Entry 4.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the complaint shall be dismissed. Plaintiff shall be granted leave to amend certain claims.

## II. BACKGROUND

Plaintiff filed this complaint against the New Jersey Department of Corrections ("DOC"), DOC Commissioner Gary Lanigan, South Woods State Prison ("SWSP") Administrator John Cunningham, Officers John Does 1-45, SWSP Officer Spencer, and Former SWSP Administrator Karen Balicki (collectively "Defendants") alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights, as well as claims under the New Jersey Constitution and administrative code. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

On March 3, 2011, Plaintiff began the process of transferring from SWSP to the STU in order to begin his temporary civil commitment. Complaint ¶¶ 6(1)-(3). The SWSP Administrator at that time, Defendant Balicki, directed Officers John Does 1-5 to place Plaintiff in administrative segregation pending his transfer. *Id.* ¶¶ 6(3)-(4). After Plaintiff was removed from his cell, Officer Spencer inventoried Plaintiff's

personal property in the cell. *Id.* ¶ 6(8). "Whist [sic] Plaintiff was at SWSP, he was not provided with a copy of an inventory sheet itemizing the property inventoried." *Id.* He was transported to the STU on March 4, 2011, without any of his property. *Id.* ¶ 6(11).

Upon arrival at the STU, Plaintiff placed in a cell for two days with only a mattress, bed linen, hand soap, and toilet paper. *Id.* ¶ 6(12). Plaintiff did not have any clothing other than the clothes he arrived with until his property arrived on or about March 21, 2011. *Id.* ¶¶ 6(13)-(14). He received three large boxes and a copy of an inventory sheet. "[H]owever, it only listed the property belonging to Plaintiff which had not been stolen at SWSP." *Id.* ¶ 6(14). Plaintiff alleges Defendants "indirectly caused the theft" of his property as other inmates were permitted to enter his cell and "have unsupervised access to Plaintiff's personal property." *Id.* ¶¶ 6(20), 6(17). He further alleges his television arrived damaged. *Id.* ¶ 6(21). He submitted an administrative remedy form for the lost and damaged property, which was ultimately denied by Administrator Cunningham. *Id.* ¶ 6(32). Plaintiff appealed the decision to the Appellate Division, *Grohs v. N.J. Dep't of Corr.*, No. A-4913-12, 2014 WL 8764096 (N.J. Super. Ct. App. Div. May 4, 2015).[1] The

---

[1] *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (stating

3

Appellate Division denied the claim, and the New Jersey Supreme Court denied certification. Complaint ¶¶ 6(32)-(33); *Grohs v. N.J. Dep't of Corr.*, 124 A.3d 239 (N.J. 2015). Plaintiff filed this complaint on November 11, 2015.

Plaintiff argues Defendants Spencer, Balicki, and John Does 1-5 are responsible for the loss and damage to his personal property. He also alleges Defendants Lanigan and Balicki failed to implement proper procedures. *Id.* ¶¶ 6(18)-(19), (25)-(26), (29). He also argues "the actions of SWSP to remove Plaintiff from his assigned cell and separate him from his personal property were actions the defendants did not do to other similarly situated inmates." *Id.* ¶ 6(10).

Plaintiff seeks a declaratory judgment that Defendants failed to follow the New Jersey Administrative Code in several respects, *id.* ¶ 7(1)-(5), and that they violated his Fifth, Fourteenth, and Eighth Amendment rights under the federal Constitution, as well as his Due Process and Equal Protection rights under the New Jersey Constitution, *id.* ¶ 7(9). He also seeks damages for the loss and damage to his property as well as

---

that a court "may take judicial notice of another court's opinion — not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

the costs of litigation in the state and federal courts. *Id.* ¶ 7(10).

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is proceeding *in forma pauperis*. The Court must dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second,

6

that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV. ANALYSIS**

**A. Eleventh Amendment**

To the extent Plaintiff seeks monetary damages from Defendants in their official capacities, he is barred by the Eleventh Amendment. Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (per curiam) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The *Will* Court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. at 71; *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563-64 (D.N.J. 2012). These claims must be dismissed with prejudice.

7

Additionally, Plaintiff alleges the DOC's failure "to provide Plaintiff with clothing and other health items, before it gave his personal property to him . . . was deliberately indifferent to Plaintiff's health and safety." Complaint ¶¶ 6(23)-(24). The DOC is a state agency and is entitled to share in New Jersey's sovereign immunity. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."). The Eighth Amendment claim against the DOC must therefore be dismissed with prejudice.

### B. Deprivation of Property

Plaintiff asserts Defendants deprived him of his property in violation of his Due Process rights under the Fifth and Fourteenth Amendments. As this claim is legally flawed, it will be dismissed with prejudice.

Essentially, Plaintiff argues the SWSP officials were negligent in inventorying, storing, and transporting his property. "Due process claims for negligent deprivations of property by prison officials are barred by *Daniels v. Williams*, 474 U.S. 327, 328 (1986)." *Toney v. Sassaman*, 588 F. App'x 108, 110 (3d Cir. 2015). To the extent the complaint could be read as alleging Defendants intentionally deprived Plaintiff of his property, those claims are barred if there is an adequate post-deprivation remedy available to the plaintiff. *Hudson v. Palmer*,

8

468 U.S. 517, 533 (1984); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 421-22 (3d Cir. 2000). However, "post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action." *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)).

Although Plaintiff cursorily states at one point in his complaint that Officer John Does 1-5 were acting "in accordance with the [DOC] practices, policies, and procedures," Complaint ¶ 6(9), the remainder of his complaint clearly indicates his position that Defendants did not follow the relevant policies. For example, he asks this Court to enter a declaratory judgment that Defendants failed to timely secure his property, inventory his property, pack his property in his presence, timely ship his property to the STU, provide an inventory sheet "at the time of or directly following the inventory," obtain his signature on the inventory sheet, and "exercise due care in preventing Plaintiff's personal property loss, damage and/or destruction" in violation of the relevant administrative code provisions. *Id.* at ¶¶ 7(1)(a)-(n), 7(3). The complaint therefore does not support a reading that Defendants "deprived [Plaintiff] of property pursuant to an established state procedure . . . . To

9

the contrary, established state procedures require prison officials to preserve personal property of inmates." *Stokes*, 2012 WL 4662487 at *4 (citing N.J. ADMIN. CODE §§ 10A:1-11.1 et. seq. (2001)).

Plaintiff asserts Defendants acted negligently in securing and protecting his property. This fails to state a claim under the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Toney v. Sassaman*, 588 F. App'x 108, 110 (3d Cir. 2015). Even if the complaint could be read as to claim intentional deprivation, Plaintiff still could not bring a Due Process claim as there was an adequate post-deprivation remedy available to him in the state courts, which he in fact used. *Grohs v. N.J. Dep't of Corr.*, No. A-4913-12, 2014 WL 8764096 (N.J. Super. Ct. App. Div. May 4, 2015). As Plaintiff cannot cure this legal deficiency, the federal Due Process claim shall be dismissed with prejudice. *Toney*, 588 F. App'x at 110 (affirming District Court's dismissing deprivation of property claim with prejudice as it was "legally flawed").[3]

---

[3] To the extent Plaintiff asks the Court to enter a declaratory judgment of negligence against Defendants, the Court will dismiss those claims as well. "The purpose of a declaratory judgment is to 'declare the rights of litigants.' The remedy is thus by definition prospective in nature." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Plaintiff "cannot obtain declaratory relief for past alleged wrongs." *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014).

### C. Equal Protection

Plaintiff also raises an Equal Protection argument, asserting he was not treated in the same manner as other inmates being transferred to the STU for civil commitment.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly-situated persons. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown,* 455 F.3d 225, 239 (3d Cir. 2006). Plaintiff fails to state a claim under either theory as he does not allege that he is a member of a protected class

11

or provide facts suggesting Defendants intentionally treated him differently from all similarly-situated persons.

Although it may be possible for Plaintiff to allege facts that would sufficiently state an Equal Protection claim, the Court also notes that the statute of limitations for bringing the claim appears to have expired before the complaint was filed in November 2015. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.[4] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The date that a cause of action under § 1983 accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted).

---

[4] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

According to the complaint, the alleged Equal Protection violation occurred in March 2011. As such, Plaintiff was required to bring his Equal Protection claim by March 2013, over two years before he filed his complaint. The claim shall be dismissed at this time, but shall be done so without prejudice in order to give Plaintiff an opportunity to amend his claim based on denial of equal protection by setting forth grounds for equitable tolling of the two-year statute of limitations and correcting the other deficiencies noted by the Court.

**D. Failure to Supervise**

Plaintiff alleges Defendants Lanigan and Balicki failed to implement and/or enforce polices regarding the handling of inmates' property during a transfer.[5]

To set forth a claim that a supervisor failed to implement a particular policy in violation of the Eighth Amendment, Plaintiff must identify a supervisory policy or procedure that was not implemented and plead facts that suggest "(1) the policy

---

[5] The only mention of Defendant Cunningham in the factual portion of the complaint is the reference to his denying Plaintiff's administrative grievance. Complaint ¶ 6(32). "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015). The deliberate indifference claim against Defendant Cunningham is dismissed without prejudice. In the event Plaintiff elects to move to amend his complaint to add factual allegations, he should also address the statute of limitations issue.

or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 330 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

Plaintiff does not allege sufficient facts for an inference that Defendants Lanigan and Balicki were aware of a risk of a constitutional violation and that they were deliberately indifferent to said risk. As such, this claim shall be dismissed without prejudice. Plaintiff may move to amend this claim, and should address the statute of limitations issue if he does.

### **E. Supplemental Jurisdiction**

As all of the federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

### **F. Leave to Amend**

As Plaintiff may be able to allege facts that would address the deficiencies of his claims as noted by the Court, Plaintiff may move for leave to file an Amended Complaint. Any motion to amend the complaint must be accompanied by a proposed Amended Complaint.

14

Plaintiff should note that when an Amended Complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the Amended Complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The Amended Complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court. Any motion to file an Amended Complaint must be submitted within 30 days and attach a copy of the proposed Amended Complaint.

## V.   CONCLUSION

For the reasons stated above, Plaintiff's claims for monetary damages against Defendants in their official capacities and his Eighth Amendment claim against the Department of Corrections are dismissed with prejudice as barred by the Eleventh Amendment. His federal Due Process claim is dismissed with prejudice for failure to state a claim, and his Eighth Amendment and federal Equal Protection claims are dismissed without prejudice as to all Defendants for failure to state a

15

claim. The Court declines to exercise supplemental jurisdiction over any state law claims. Plaintiff may move to amend his complaint within 30 days, at which time he should also address the statute of limitations, giving the factual grounds for extending the two-year deadline for filing his original Complaint in this Court.

    An appropriate order follows.


**July 14, 2016**                                                      **s/ Jerome B. Simandle**
Date                                                               JEROME B. SIMANDLE
                                                                      Chief U.S. District Judge