IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN GROHS,<br><br>             Plaintiff,<br><br>   v.<br><br>GARY M. LANIGAN, et al.,<br><br>             Defendants. | Civil Action<br>No. 15-8184 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Steven Grohs, Plaintiff Pro Se
#594
Special Treatment Unit, South
PO Box 905
Avenel, New Jersey 07001-0905

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

    Plaintiff Steven Grohs' ("Plaintiff") submitted a civil rights complaint on November 15, 2015. Complaint, Docket Entry 1. After reviewing the complaint pursuant to 28 U.S.C. § 1915, the Court dismissed certain claims with prejudice and granted leave to move to amend other claims on July 14, 2016. Opinion and Order, Docket Entries 5 and 6. Plaintiff submitted a proposed amended civil rights complaint, which the Court construes as a motion for leave to amend. Motion to Amend, Docket Entry 9. For the reasons stated below, the motion is denied, and the complaint shall be dismissed with prejudice.

**II. BACKGROUND**

Plaintiff filed a complaint against the New Jersey Department of Corrections ("DOC"), DOC Commissioner Gary Lanigan, South Woods State Prison ("SWSP") Administrator John Cunningham, Officers John Does 1-45, SWSP Officer Spencer, and Former SWSP Administrator Karen Balicki (collectively "Defendants") alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights, as well as claims under the New Jersey Constitution and administrative code. *See generally* Complaint.

The complaint alleged that Defendants lost Plaintiff's personal property when he was transferred from SWSP to the Special Treatment Unit ("STU") in order to begin his temporary civil commitment. *Id.* ¶¶ 6(1)-(3). He specifically alleged Defendants failed to follow the established procedures for property inventory and transfer, resulting in the negligent loss of his property. *Id.* His administrative remedy was denied by Administrator Cunningham, and the Appellate Division affirmed the denial of his property claim. *Id.* ¶ 6(32)-(33); *Grohs v. N.J. Dep't of Corr.*, No. A-4913-12, 2014 WL 8764096 (N.J. Super.

Ct. App. Div. May 4, 2015), *certif. denied* 124 A.3d 239 (N.J. 2015).[1]

Plaintiff submitted his complaint for mailing on November 11, 2015. The Court dismissed with prejudice the claims for monetary damages against Defendants in their official capacities and against the DOC as barred by the Eleventh Amendment. It further dismissed with prejudice his Due Process claim for deprivation of property as he could not bring a due process claims for negligent deprivations of property by prison officials and there was an adequate post-deprivation remedy available to him. July 14, 2016 Opinion at 8. Other claims brought in the original complaint were dismissed without prejudice for failure to state a claim. The Court granted leave to move to amend these claims, but noted that Plaintiff would have to address the statute of limitations as it was clear from the face of the complaint that more than two years had passed between the alleged constitutional violations and filing of the complaint. *Id.* at 11-14.

The facts alleged in the proposed amended complaint are generally the same as those alleged in the original complaint. Plaintiff states he began the process of transferring from SWSP

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

3

to the STU in order to begin his temporary civil commitment on March 3, 2011. Motion to Amend ¶¶ 5.4-5.5 at 7. The SWSP Administrator at that time, Defendant Balicki, directed Officers John Does 1-5 to place Plaintiff in administrative segregation pending his transfer. *Id.* After Plaintiff was removed from his cell, Officer Spencer inventoried Plaintiff's personal property in the cell. *Id.* ¶ 5.9 at 8. Plaintiff alleges SWSP's custom of using inmates besides the property owner to move personal property out of cells commonly results in theft, colloquially known as a "packing fee." *Id.* ¶ 5.7 & n.2 at 7-8. "While Plaintiff was confined to SWSP and before his transfer to the STU, Plaintiff was not provided with a copy of an inventory sheet itemizing the property inventoried." *Id.* ¶ 5.9 at 8. He alleges Officer Spencer enabled other inmates to have unsupervised access to Plaintiff's unsecured personal property, resulting in another inmate defacing some of Plaintiff's photographs and the theft of Plaintiff's property. *Id.* ¶¶ 5.12-5.14 at 9-10. He was transported to the STU without any of his property. *Id.* ¶ 5.15 at 10-11.

Upon arrival at the STU, Plaintiff placed in a cell for two days with only a mattress, bed linen, hand soap, and toilet paper. *Id.* ¶ 5.16 at 11. Plaintiff did not have any clothing other than the clothes he arrived with until his property arrived on or about March 21, 2011. *Id.* ¶ 5.18 at 11-12. He

4

received three large boxes and a copy of an inventory sheet, but it "did not list any property that was left in Plaintiff's assigned cell at SWSP and which had been stolen at SWSP." *Id.* ¶ 5.18 at 11-12. He further alleges his television arrived damaged. *Id.* ¶ 5.19 at 12. Plaintiff alleges he learned on or about January 7, 2016[2] that another STU resident had been permitted to pack his own belongings before leaving state prison. *Id.* ¶¶ 5.24, 5.26 at 13-14.

Plaintiff now alleges the loss of his property constitutes cruel and unusual punishment under the Eighth Amendment because Defendants failed to protect his property from being stolen. He asserts Defendants Lanigan and Balicki are liable under a supervisory theory. He also argues Defendants violated the Equal Protection Clause, the Ninth Amendment, and the New Jersey Constitution.

### III. STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b),

---

[2] As Plaintiff's original complaint included an affidavit from the resident in question dated October 31, 2015, the Court presumes the 2016 date is a typo and Plaintiff meant he first learned of the different treatment on January 7, 2015. Complaint Exhibit A.

5

(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B).

A court may deny leave to amend a pleading where it finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).

**IV. ANALYSIS**

In an attempt to circumvent the Court's dismissal of the Fourteenth Amendment deprivation of property claims, Plaintiff reframes them into Eighth Amendment claims. He also argues being forced to eat with his fingers and hand-wash one pair of clothing violated the Ninth Amendment,[3] and that his Equal Protection rights were violated.

---

[3] Plaintiff asserts his cause of action arises under the Ninth Amendment, which states "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX. *See* Motion to Amend ¶¶ 4.79-88 at 37-38. "[T]he Ninth Amendment does not independently provide a source of individual constitutional rights." *Perry v. Lackawanna Cty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009); *see also Nicolette v. Caruso*, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003) ("[S]ection 1983 civil rights claims premised on the Ninth Amendment must fail because there are no constitutional rights secured by that amendment." (internal quotation marks omitted)). The Court construes this

6

Assuming *arguendo* such a "failure to protect property" claim exists, Plaintiff has not addressed the statute of limitations problem noted by the Court in its prior opinion. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.[4] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The date that a cause of action under § 1983 accrues, however, is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). At the latest, Plaintiff's claims accrued on March 21, 2011 when he received his property at the STU. Motion to Amend ¶ 5.18 at 11-12. Plaintiff was aware of any missing or damaged property, the conditions he allegedly endured up until

---

claim as being brought pursuant to the Fourteenth Amendment as allegations of due process violations for "inhumane conditions" are appropriately considered under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

[4] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

7

he received his property, and the fact that Defendants were involved as of that date. The fact that Plaintiff purportedly did not learn of the "unequal" treatment until January 2015 does not set the accrual date because "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994); *accord Montanez*, 773 F.3d at 480 n.4. Plaintiff's claims accrued in March 2011, meaning the statute of limitations expired in March 2013 at the latest.

Plaintiff also is not entitled to any tolling of the statute of limitations during the time he spent pursuing administrative remedies with the DOC. Although the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing a § 1983 claim in federal court and the statute of limitations is tolled during exhaustion, Plaintiff was not a "prisoner" within the meaning of the PLRA at the time his claims accrued or when he filed his complaint. *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1854–55 (2016); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015). Under the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and

conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Persons subject to civil commitment do not meet this definition.[5] *See Brandt v. Burns*, 441 F. App'x 924, 927 n.4 (3d Cir. 2011).

Since Plaintiff is not a "prisoner" within the meaning of the PLRA, there was no requirement for him to exhaust administrative remedies before filing in federal court. *See Pearson*, 775 F.3d at 603 n.8 ("[T]he PLRA does not require former prisoners to exhaust administrative remedies prior to filing § 1983 suits . . . ."); *see also Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (noting plaintiff "would have been free of the strictures of the PLRA" and its exhaustion requirement if the complaint had been filed after his release from prison). Because there was no requirement that Plaintiff exhaust administrative remedies before he filed a complaint in federal court, he is not entitled to tolling of the statute of limitations during that time.

Plaintiff also is not entitled to equitable tolling. Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary

---

[5] Plaintiff's civil commitment is pursuant to the New Jersey Sexually Violent Predator Act, Motion to Amend ¶ 3.1 at 2, therefore the tolling provisions of N.J. STAT. ANN. § 2A:14-21 do not apply.

9

way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). None of these situations apply.

Plaintiff was clearly aware of the existence of potential causes of action as he filed an administrative remedy and pursued it all the way to the New Jersey Supreme Court. Given the extensive litigating of these claims, Defendants clearly did not prevent Plaintiff from asserting his claims. Plaintiff also did not file his claims in the "wrong forum" as the state courts were an appropriate forum to litigate his property loss claim. Nothing prevented Plaintiff from filing any "parallel" federal claims in this court while that action was pending, making equitable tolling inappropriate. *See id.* ("Tolling the statute of limitations to save parallel claims that do not require exhaustion of administrative remedies would unjustifiably extend the statute of limitations for those claims.").

As more than two years passed between the accrual of the claims and the filing of the federal complaint, Plaintiff's complaint is barred by statute of limitations on its face. It would therefore be futile to permit amendment of the complaint. As the Court concludes all of the federal claims in the proposed

10

amended complaint are subject to dismissal, the Court declines to exercise supplemental jurisdiction over any potential state law claims. 28 U.S.C. § 1367(c)(3).

### V.   CONCLUSION

For the reasons stated above, the motion to amend is denied as futile. The complaint is dismissed with prejudice for failure to state a claim.

An appropriate order follows.


| | |
|---|---|
| **July 19, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |